In the Matter of MORRIS A. HALPERN, an Attorney, Respondent.

First Department, November 27, 1931.

*Einar Chrystie*, for the petitioner.

*William Blau* and *Jacob B. Goldberg* of counsel [*Blau, Perlman & Polakoff*, attorneys], for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Appellate Division, First Department, on April 30, 1928.

In the petition herein he is charged with professional misconduct substantially as follows:

In March, 1930, the respondent was retained by one Harry Economakis to act as his attorney in negotiations for the purchase of a restaurant in Brooklyn. On April 1, 1930, Economakis deposited with the respondent $750, upon the understanding that if the purchase of the restaurant was not consummated, the money would be returned. Shortly thereafter Economakis decided not to purchase the restaurant. It was agreed between the parties in interest that out of the said $750 deposited with the respondent, $100 was to be paid to the prospective sellers in settlement of any claim they might have against Economakis; that a further sum of $100 was to be retained by the respondent in payment of his professional services; and that the balance of $550 was to be returned to Economakis. On April 30, 1930, the respondent gave Economakis a check for $500 pursuant to this agreement. The check was presented for payment and dishonored because of insufficient funds to the credit of respondent. Economakis retained an attorney, who finally succeeded in collecting the money after a complaint had been made to the committee on grievances of the Bar Association and charges of misconduct had been served upon the respondent. It is charged that the respondent converted the money deposited with him as aforesaid to his own use from April 1 to May 24, 1930.

The respondent answered and the matter was referred to an official referee to take testimony in regard to the charge and to report the same with his opinion thereon to this court. The learned referee has duly reported finding respondent guilty, and the petitioner now moves that this court take such action in the matter as it may deem just and proper.

The respondent admitted the basic facts of the aforesaid charge, except that he testified he had arranged for the payment of the claim in question prior to the receipt of a notice from the Bar Association and before he had any knowledge or information of the existence of such notice. The respondent conceded, however, that his failure to return the money on demand, his failure to deposit the money in a separate escrow account and his subsequent drawing against the escrow money constituted culpable conduct upon his part. He does not seek to justify his act. He pleads inexperience, urges that there was no intention permanently to withhold the money, and throws himself unreservedly upon the mercy of the

court. In this connection the referee has stated: " I must report that the charge made has been proven. At the same time I am bound to say that in my opinion the respondent is not a bad or depraved man. He has only been two years at the bar. He had prepared himself by night school work and apparently did not know that it was his duty not to mix escrow money with his own."

Because of the presence in this case of these mitigating circumstances, particularly the circumstance that the respondent did not attempt to excuse his act by false testimony and evasion, in our opinion it is sufficient if he is suspended for three months, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

McAvoy, Martin, O'Malley and Townley, JJ., concur.

Respondent suspended for three months, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.